UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Shunsen LIANG,

Petitioner,

v.

Jeremy CASEY, et al.,

Respondents.

Case No.:  26-cv-1224-AGS-SBC

**ORDER REQUIRING RETURN**

Petitioner Shunsen Liang seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "December 3, 2023," Liang, a "native and citizen of the People's Republic of China," "entered the U.S. without inspection." (ECF 1, at 2, 4.) The next day, he was "released from ICE custody pursuant to an Order of Release on Recognizance." (*Id*. at 4.) Over two years later, on "December 15, 2025," Liang "passed through a checkpoint," "voluntarily presented his driver's license," and was "taken into custody." (id. at 5.) He asserts that he is being detained unlawfully because respondents have "fail[ed] to provide Petitioner with a bond hearing under [8 U.S.C.] § 1226(a)" and are instead improperly "treating him as subject to mandatory detention under § 1225(b)(2)." (*Id*. at 9.)

This challenge merits a response. The two Courts of Appeals to address this question

disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the United States "illegally many years ago" must "be detained" without a bond hearing). But most petitioners have nonetheless obtained habeas relief in functionally identical cases. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts").

In addition, respondents have routinely conceded these claims when brought by those—like petitioner—who seem to be members of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, __ F. Supp. 3d __, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). So, by **Wednesday, March 4, 2026**, the government is ordered to file a brief stating whether it: (1) agrees petitioner is detained under 8 U.S.C. § 1226 and (2) intends to concede petitioner's right to a bond hearing under that authority. If respondents do not concede, they must answer the petition by March 6, 2026.

Dated:  February 27, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

26-cv-1224-AGS-SBC